# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**FILED**
**U.S. District Court**
**District of Kansas**
05/21/2026

**Clerk, U.S. District Court**
**By:__AS__Deputy Clerk**

UNITED STATES OF AMERICA,

Plaintiff,

v.

**CASE NO.**  26-6127-01-02-GEB

VICTOR ALFONSO MARTINEZ-
HERNANDEZ, and
CESAR ALEJANDRO MADRID-
CANDELAS,

Defendants.

# CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

## COUNT 1

**POSSESSION OF COCAINE**
**WITH THE INTENT TO DISTRIBUTE**
**[21 U.S.C. § 841]**

On or about May 20, 2026, in the District of Kansas, the defendants

**VICTOR ALFONSO MARTINEZ-HERNANDEZ, and**
**CESAR ALEJANDRO MADRID-CANDELAS**

did unlawfully, knowingly, and intentionally possess, with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

I further state that I am a Detective with the Wichita Police Department (WPD), and that this Complaint is based on the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein, and offered in support of a finding that probable cause exists to believe the defendants, **VICTOR ALFONSO MARTINEZ-HERNANDEZ** and **CESAR ALEJANDRO MADRID-CANDELAS**, committed the offense set forth in this Complaint.

KEVIN D. REAL
Detective
Wichita Police Department

2

Sworn to before me this 21st day May, 2026, at Wichita, Kansas.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that defendants, **VICTOR ALFONSO MARTINEZ-HERNANDEZ** and **CESAR ALEJANDRO MADRID-CANDELAS,** committed the offense set forth in this Complaint.


_____Gwynne E. Birzer_____
United States Magistrate Judge

_____
Signature of Judicial Officer

3

## PENALTIES

**Count 1:   21 U.S.C. §§  841(a)(1), (b)(1)(C)**
**[Possession of a Controlled Substance with the Intent to Distribute]**

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $1 million.  21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of up to thirty (30) years.  21 U.S.C. § 841(b)(1)(C).

- A term of supervised release of at least six (6) years.  21 U.S.C. § 841(b)(1)(C).

- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A

- Forfeiture.

4

**AFFIDAVIT**

I, Kevin D. Real, and having been first duly sworn, do hereby state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Detective with the Wichita (Kansas) Police Department (WPD). I have been a sworn officer of WPD since 1996, and am currently assigned to the Special Investigations Bureau, which is responsible for investigating crimes involving drug sales and trafficking. I previously held assignments in WPD's Investigations Division as a detective in the Gang Unit, in WPD's Professional Standards Bureau as a detective, in the Drug Enforcement Administration (DEA) as a Task Force Officer and in the Federal Bureau of Investigation Joint Terrorism Task Force as a Task Force Officer. Among many others, I have attended the following training classes: Basic Telecommunications Exploitation Program through DEA, Two-Week Basic Narcotics School through DEA, Top Gun Undercover Drug Investigation Program, Covert Drug Cases, and Advanced Vice and Narcotics Investigations.

2. As an FBI and DEA Task Force Officer and undercover narcotics detective, my duties and responsibilities have included conducting criminal investigations of individuals, businesses and organizations that have violated both state and federal drug laws, including money laundering and other drug related violations. Additionally, I have spoken on numerous occasions with confidential informants (CI's), suspects and narcotics traffickers concerning the methods and practices utilized by drug traffickers. As such, I am familiar with the methods drug traffickers use to further their illegal activities. As a Task Force Officer and undercover narcotics detective, I have participated in numerous investigations of alleged criminal violations of the Controlled Substances Act

Laws. I have participated in undercover investigations involving the purchase of controlled substances, executed search warrants for controlled substances and have conducted numerous surveillances in connection with narcotic investigations. I am familiar with the operation of illegal drug trafficking organizations in the United States, including those organizations whose operations involve the distribution of wholesale quantities of cocaine, methamphetamine, fentanyl and marijuana.

3.     Based on information known to Affiant, police reports reviewed by Affiant, and information provided to Affiant by other law enforcement officers, the following is believed to be true and correct.

**PROBABLE CAUSE**

4.     On May 20, 2026, WPD Detective Keith Cox observed a blue Chevy van bearing Mexico license plate DTJ-577-C, which was pulling a flatbed trailer, make a left turn from Cleveland Street to 21st Street North, Wichita, Sedgwick County, Kansas without using a turn signal. Surveillance units began following the van. The van proceeded south from 21st Street North on Interstate 135 highway. Affiant contacted WPD Officer Nick Jones and requested that he stop the van for the traffic infraction observed by Detective Cox.

5.     Before Officer Jones was able to effect the traffic stop, the van pulled over to the right shoulder with its hazard lights activated, between Kellogg and Lincoln Street. Officer Jones pulled up behind the van with the emergency lights activated on his police vehicle. The driver of the van, Victor Alfonso Martinez-Hernandez, and the van passenger, Cesar Alejandro Madrid-Candelas, both exited the vehicle and began walking

2

back toward the trailer. Cesar advised Officer Jones that they were checking a tire on the trailer.

6.    During his contact with the van occupants, Officer Jones learned from Madrid-Candelas that the van belonged to his father, who was in Mexico. Madrid-Candelas offered to open the rear of the van for Officer Jones. Officer Jones asked Madrid-Candelas if there was a large amount of money in the vehicle, and Madrid-Candelas responded in the negative. Officer Jones asked if there were drugs in the vehicle, and Madrid-Candelas again responded in the negative. Officer Jones asked Madrid-Candelas about several specific drugs, and Madrid-Candelas responded in the negative to each one being in the vehicle. Officer Jones asked Madrid-Candelas if he could check the van, and Madrid-Candelas said that he could.

7.    When backup officers arrived, Officer Jones began searching the van per the consent given. During his search, Officer Jones located what he believed, based on his prior training and work experience, to be a non-factory, secret compartment under the middle bench seat cushion. Again, based on his training and experience, Officer Jones believed this type of compartment to be used to conceal contraband. Upon looking into an access hole to the compartment, Officer Jones observed a vacuum-sealed bag, which he believed to be contraband.

8.    Subsequent to Officer Jones locating the compartment and vacuum-sealed bag, both van occupants were taken into custody. The van was transported to a police facility, where it could be searched further in a safer environment. Affiant observed the previously-described area that Officer Jones had located under the bench seat. Based on his prior training and work experience, Affiant believed this to be a non-factory,

3

aftermarket-constructed compartment. Affiant knows these types of compartments to often be used to secret illicit narcotics, bulk United States currency and weapons, often for interstate transport. While searching the aforementioned compartment, Officer Jones found the vacuum-sealed package to contain a large amount of United States currency. Also in the compartment, Officer Jones located three brick-shaped bundles wrapped in green tape. Affiant observed the packages located by Officer Jones. From his prior training and experience, Affiant believed the bundles to contain illicit narcotics. Officer Jones later partially opened one of the bundles and observed it to contain a hard, white-colored powder substance. Sedgwick County Sheriff's Office Criminal Analyst Matthew Brodeur later utilized a TacticID laser device to scan the white-colored substance in one of the brick-shaped bundles, and he received a positive result for the presence of cocaine hydrochloride. (Brodeur has been trained in the use of the TacticID device, and has been utilizing it since approximately March 2024.) Officer Jones weighed each of the packages with their wrappings. Each of the packages had a net weight of approximately two-and-a-half (2.5) pounds. From their prior training and work experience, Officer Jones and Affiant both believe this amount of cocaine to be intended for distribution, as opposed to for personal use.

9.    During a post-Miranda interview, Madrid-Candela advised WPD Detective Javier Guete that while in El Paso, Texas, an unknown male gave them (him and Martinez-Hernandez) three packages and some money, which they were supposed to take to Kansas. During a post-Miranda interview, Martinez-Hernandez advised Detective Guete that a male in El Paso, Texas gave him a suitcase, which he then gave to Madrid-Candelas. Per Martinez-Hernandez, the suitcase contained three packages, which Madrid-

4

Candelas placed in the van. Martinez-Hernandez said Madrid-Candelas showed him that he put the packages under the seat cushion in the backseat. Martinez-Hernandez advised Detective Guete that he knew he was in trouble for the drugs.

10.    Based on the foregoing information, I believe there is probable cause that Victor Alfonso Martinez-Hernandez and   Cesar Alejandro Madrid-Candelas are in violation of Title 21, United States Code 841(a) and (b)(1)(C)

**Further your Affiant saith not.**

Kevin D. Real
Detective
Wichita Police Department

Sworn to before me and subscribed by telephone this 21st day of May, 2026, at Wichita, Kansas.

Gwynne E. Birzer
United States Magistrate Judge
District of Kansas

5